CONCURRING AND DISSENTING OPINION BY
Judge LEAVITT.
The majority holds that Employer’s discharge of Claimant has to be evaluated exclusively under Section 402(e.l) of the Unemployment Compensation Law (Law),[1] *805 and I agree. I must respectfully dissent, however, from the majority’s Section 402(e.l) analysis. This Court’s standard of review tests the Board’s adjudication for legal error, and I find no error in the Board’s interpretation of Employer’s substance abuse policy as allowing for only random drug testing. Thus, I would defer to the Board and affirm its order.
As noted by the majority, Employer’s substance abuse policy states, in relevant part:
The use, possession, sale, transfer, purchase or being under the influence of intoxicating liquor, illegal drugs, or other intoxicants by employees at any time on Katera’s Kove premises or while on Katera’s Kove business is prohibited. The illegal use of any drug, narcotic or controlled substance is prohibited. Employees must not report for duty or be on Katera’s Kove property while under the influence of, or have in their possession while on Katera’s Kove property, any liquor, illegal drug, narcotic or substance. Violation of this policy will result in termination.

All employees are subject to random drug testing and must pass the drug screen. The employee may not refuse. Management will conduct random testing at their discretion.

Reproduced Record at 28a (R.R. -) (emphasis added). Section 402(e.l) of the Law requires that a “drug test [be] conducted pursuant to an employer’s established substance abuse policy.” 43 P.S. § 802(e.l).
To begin, I disagree with the majority’s premise that “pursuant to an employer’s established substance abuse policy” means pursuant to the purpose of the policy, as interpreted by this Court. Section 402(e.l) states, simply, that-an employer must adhere to the established terms of its policy.
Employer’s established and written policy provides only for “random” drug testing of its employees. The word “random,” which Employer used twice, is not superfluous. Employer did not select Claimant randomly but, rather, singled her out because of her suspected drug use that she reported on Facebook. In holding that Employer did not follow the express terms of its own policy, the Board observed that Employer may easily remedy the situation by revising its policy to allow for drug testing of employees for cause.
Assuming, arguendo, there is an ambiguity in Employer’s substance abuse policy, it should be construed against Employer. See, e.g., Kelley v. Unemployment Compensation Board of Review, 78 Pa.Cmwlth. 136, 466 A.2d 1143 (1983) (claimants not ineligible for not pursuing the employer’s internal grievance mechanism when the policy handbook was ambiguous).
Finally, I find the majority’s reliance on Turner v. Unemployment Compensation Board of Review, 899 A.2d 381 (Pa.Cmwlth.2006), to be misplaced. In that case, the employer established a substance abuse policy “to detect and deal with drug and alcohol abuse,” id. at 385, and to that end included a detailed random drug testing provision. When the employer did a random drug test, the claimant failed. There was no question in Turner that the policy authorized a dismissal for a random drug test and that the test in question was administered randomly.
The Board declined to rewrite Employer’s policy to include the words “for cause.” I would defer to the Board’s judg *806 ment in this regard and affirm its adjudication.

. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(e.l). Section 402(e.l) was added by Section 3 of the Act of December 9, 2002, P.L. 1330, It is well settled that where an employer chooses to discharge an employee for failing a drug test, the employee’s eligibility is governed by Section 402(e.l). The majority *805 properly rejects Employer's argument that Claimant was ineligible by reason of Section 402(e) of the Law, 43 P.S. § 802(e), which relates to general willful misconduct.